**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**INTERCONTINENTAL ELECTRONICS,**
**S.P.A.,**

      **Plaintiff,**

v.

**Case No. 03-72424 & 03-72584**

**HONORABLE DENISE PAGE HOOD**

**RICHARD G. ROOSEN, KAHN, KAHN,**
**GIBSON AND ROOSEN, AND EULER ACI**
**COLLECTION SERVICES, INC.,**

      **Defendants.**

_____/

**MEMORANDUM OPINION & ORDER DENYING**
**PLAINTIFFS' MOTION TO RECONSIDER**

**I.   INTRODUCTION**

Plaintiff Intercontinental Electronics, S.p.A. ("Intercontinental") filed this legal malpractice action as a result of a $2.5 million default judgment in a separate state court collection action in Michigan. The award was later reduced to $1.5 million by the Michigan Court of Appeals. Defendants Richard G. Roosen and Kahn, Kahn, Gibson & Roosen, P.C. ("Roosen Defendants") filed a Motion to Dismiss, which the Court granted on May 25, 2005.

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's Granting Defendants Richard G. Roosen and Kahn, Kahn, Gibson & Roosen, P.C.'s Motion to Dismiss, filed June 9, 2005. Plaintiffs assert the Court's May 25, 2005 Memorandum Opinion and Order should be reversed because the issue of proximate causation is a question of fact to be decided by the jury. For the reasons that follow, the Court holds Plaintiff's Motion to Reconsider does not demonstrate a palpable defect relied upon by the Court in its prior Order, and denies Plaintiff's Motion.

**II.     STANDARD OF REVIEW**

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3). This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003).

**III.    APPLICABLE LAW & ANALYSIS**

Plaintiff relies on *Davis v. Thornton*, 384 Mich. 138 (1970), for the proposition that a determination of proximate causation is always an issue of fact to be decided by the jury. In Plaintiff's estimation, the Court's May 25, 2005 Memorandum Opinion and Order held Plaintiff had not adequately shown proximate causation between the Roosen Defendants' actions and Intercontinental's injury. (Pl.'s Mot. to Reconsider at 4.) While the Court agrees with Plaintiff's summary of Michigan law on this point, Plaintiff mischaracterizes the Court's prior ruling.

In the May 25, 2005 Order, the Court first held Plaintiff was barred by collateral estoppel from arguing that it did not receive notice of the state court's July 18, 2001 order. (May 25, 2005 Mem. Op. & Ord. at 9.) The Court went on to hold that, without the ability to challenge the notice of the July 18, 2001 order, Plaintiff had failed to "demonstrate[] any act or omission on the part of the Roosen Defendants upon which liability for the state court default judgment [could] attach." (Id. at 11.) The Court did not make any determination about the probative quality of Plaintiff's evidence

of proximate causation. In fact, the words "proximate cause" or "proximate causation" do not appear anywhere in the May 25, 2005 Order. The Court dismissed the Roosen Defendants because Plaintiff could not show it is entitled to relief.

The remainder of Plaintiff's Motion to Reconsider raises issues previously before the Court. "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3). Plaintiff's Motion must therefore be denied.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Reconsider the Court's Granting Defendants Richard G. Roosen and Kahn, Kahn, Gibson & Roosen, P.C.'s Motion to Dismiss **[Docket No. 62, filed June 9, 2005]** is DENIED.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: July 7, 2005